PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* BLAS MELÉNDEZ RODRÍGUEZ, Defendant and Appellant.

No. 7532.  Argued April 14, 1939.—Decided June 7, 1939.

*A. Porrata Doria* for appellant; *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for The People, appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Blas Meléndez was accused for violation of Section 1 of Act No. 14 of 1936 (Laws of that year (2) page 128) consisting in having in his possession a pistol which had not been declared before the Chief of Insular Police of the district of Cayey, where he resides. The case went to trial and upon being convicted he was sentenced to six months in jail. He appealed to this court and as an only error alleges that the judgment is against the evidence and the applicable law.

The evidence of the district attorney consisted in the testimony of Policeman Osvaldo Lugo who found the fire arm, and that of Chief of Police Izquierdo who with the record of his office in his hands declared that the pistol found by Lugo and admitted in evidence had not been declared in his office.

From the testimony of Lugo it appears that on the 6th of March of 1938 he went into the accused's store in Cayey to investigate gambling which was being carried on in that store. That while there he found a pistol hidden between some sacks, wrapped up in a paper bag. That he took possession of it and asked the accused if it belonged to him. That he at first hesitated but finally stated that he was the owner of the fire arm. The testimony of the Chief of Police Izquierdo is in essence stated above.

The evidence of the defendant consisted in the testimony of the witnesses Julio Báez, Ramiro Vázquez, Arturo Méndez and that of the accused himself.

Julio Báez testified that he was the owner of the pistol, that he is 22 years old and that since his grandfather died about 12 years before, he was the owner of the pistol which had belonged to his grandfather. That sometimes when he needed money he pawned the fire arm, and that on the day referred to he went to accused's store intending to sell it to anyone of the persons present therein. That at that moment he saw a policeman arrive, that everybody ran and that he then hid the fire arm near some zinc sheets, underneath some sacks that were there, and that he left the store without being seen by the policeman. While the witness testified the judge asked him the following questions:

"Q. What make is the pistol?

"A. I do not know the make.

"Q. And the caliber?

"A. I do not know that either.

"Q. Here, fire the arm. Fire it. (The witness cannot fire the pistol).

"Q. You are the owner of a pistol and you do not know how to fire it?

"A. Yes, I do not know how it is.

The other witnesses of the defendant testified to the effect that Báez was the owner of the pistol, also ascertaining the accused had not made the admission which the policeman Lugo imputed to him.

The evidence is clearly contradictory. The judge of the lower court who saw and heard the witnesses testify decided the conflict against the accused and since it does not appear that in so doing he was moved by bias, prejudice or partiality, or that he committed a manifest error in the weighing of the evidence, the appeal must be dismissed and the judgment appealed from affirmed.